# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

TRIMAINE WILSON,

    Plaintiff,

v.

HARVEY POLICE OFFICER BAPTISTE, et al.

    Defendants.

No. 13 CV 7845

Judge Manish S. Shah

## ORDER

Plaintiff's motion for leave to file a response to defendants' motion to dismiss counts VII and VIII [61] is granted. The court considers the merits of plaintiff's response to the motion to dismiss [61-1]. Defendants' motion to dismiss [48] is granted. Counts VII and VIII are dismissed as to defendants Klein, Campos, and 159th & Halsted Currency Exchange, Inc., without prejudice. The status hearing remains set for 02/20/15 at 9:30 a.m., and plaintiff may seek leave to file a second amended complaint to cure the deficiencies identified in this order.

## STATEMENT

In his first amended complaint, plaintiff Trimaine Wilson alleges that defendants Todd Klein, Dennise Campos, and 159th & Halsted Currency Exchange, Inc., conspired with Harvey Police Department officers to violate his constitutional rights (Count VII) and that they maliciously prosecuted him (Count VIII), after his employee attempted to negotiate a check at the currency exchange. The currency exchange defendants moved to dismiss Counts VII and VIII against them, and plaintiff's response to the motion was due on December 11, 2014. Plaintiff failed to file a response, and when directed to show cause why no response was filed, plaintiff filed the present motion for leave to file a response (along with an explanation for the failure).

Plaintiff invokes excusable neglect based on counsel's failure to properly note the due date for the filing. Counsel says she made an error when switching her calendar from 2014 to 2015 (although it's not clear why a December 2014 deadline would get moved to January 2015 during transposition). Pursuant to Rule 6(b)(1)(B), a court may extend time for good cause, based on excusable neglect. Attorney

carelessness can constitute excusable neglect, but attorney inattentiveness to litigation is not excusable. *See Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (reviewing excusable neglect under Rule 60(b)(1)). A simple case of miscalculation is generally not a sufficient reason to extend time, but courts have discretion to forgive plausible misconstructions or misinterpretations of rules. *Lewis v. School Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008). Counsel here was negligent, and her blunder was of her own making—there was no ambiguity or potential for miscalculation in the scheduling order; the deadline was set as December 11, 2014. Nevertheless, the neglect was excusable under the circumstances of this case. The delay caused by counsel's negligence is short because the response to the motion has been prepared and can be considered on the merits now. Defendants were not prejudiced by the delay because they have not relied on any waiver by plaintiff—defendants have been participating in discovery as if the motion were pending like any other motion. Therefore, while counsel's excuse for missing the deadline is not a good one, I will exercise my discretion under Rule 6 to permit the late filing of plaintiff's response.

The complaint alleges that there were sufficient funds in plaintiff's checking account to cover the check; the currency exchange defendants nevertheless called the police and asked the police to arrest plaintiff even though there was no probable cause to believe plaintiff committed a crime. [28] ¶¶ 13, 15, 19. The complaint also alleges that the currency exchange defendants instigated the filing of criminal charges, concurred in the filing of the charges, and pursued the prosecution of the criminal charges. [28] ¶ 28. Finally, plaintiff alleges that the defendants committed all acts by agreement to violate plaintiff's constitutional rights and that defendants facilitated malicious prosecution by falsely reporting an incident. [28] ¶¶ 69, 73.

A motion to dismiss should be granted if the complaint offers a formulaic recitation of the elements of a cause of action, without alleging facts suggesting the plausibility of the claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & 570 (2007). The facts alleged must be accepted as true, but legal conclusions couched as factual allegations need not be accepted as true. *Id*. at 555.

The complaint's conclusory allegations of a conspiracy are insufficient. There are no facts alleged that suggest that the currency exchange defendants agreed to violate plaintiff's constitutional rights. At most, these defendants asked the police to arrest the plaintiff, but there is a difference between making a request and entering into a conspiratorial agreement. The complaint alleges the former, not the latter. Plaintiff alleges that there were sufficient funds in his account, yet the currency exchange defendants sought to have him arrested. This certainly alleges plaintiff's innocence of deceptive practices, and one can infer that the currency exchange defendants knew that he was innocent yet requested his arrest. Unlike *Geinosky v. City of Chicago*, 675 F.3d 743, 748 (7th Cir. 2012), however, there is no allegation of a

pattern from which to infer an agreement amongst the defendants. A single request does not establish a meeting of the minds to deprive plaintiff of his right to be free from unreasonable seizures (the only constitutional right that appears to be plausibly at issue here); there is no allegation of complicity beyond the formulaic recitation of the word "conspiracy." *See Redd v. Nolan*, 663 F.3d 287, 292 (7th Cir. 2011).

With respect to the malicious prosecution claim, the complaint does allege that plaintiff was innocent of the charge of deceptive practices, the currency exchange defendants knew that he had sufficient funds in his account, and yet they caused the charge of deceptive practices to be filed against plaintiff. To allege liability for malicious prosecution, however, plaintiff must allege more. The claim requires a defendant to have initiated the criminal proceeding or the defendant's participation in the prosecution to have been of "so active and positive a character as to amount to advice and cooperation." *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 922 (7th Cir. 2001). There is no allegation that the currency exchange defendants filed a complaint against plaintiff. Nor is there any allegation that they requested, directed, or pressured the police into prosecuting the charge. The allegation is that they requested the arrest, but the complaint does not take the next step and allege an active role in the prosecution. A defendant who knowingly makes a false statement to the police may be liable for malicious prosecution, *see id.*, and the complaint here alleges that all the defendants "falsely report[ed] an incident." [28] ¶ 73. It is not clear, however, whether this allegation concerns the currency exchange defendants, what knowingly false information was reported to the police, or who made the report. The complaint does not make any allegations about the content of the currency exchange defendants' report to the police other than to allege that they asked officers to arrest plaintiff. But since reporting incorrect information to the police is not sufficient to hold a defendant liable for malicious prosecution, *see Logan*, 246 F.3d at 922, plaintiff here must allege something more to permit a court to draw an inference that the currency exchange defendants actively participated in the prosecution.

The currency exchange defendants' motion to dismiss is granted. Counts VII and VIII are dismissed as to defendants Klein, Campos, and 159th & Halsted Currency Exchange, Inc., without prejudice. Plaintiff may seek leave to amend his complaint to cure the deficiencies discussed above.

ENTER:

Date:   1/26/15

_____
Manish S. Shah
U.S. District Judge