# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TRIMAINE WILSON, <br><br> Plaintiff, <br><br> v. <br><br> HARVEY POLICE OFFICER BAPTISTE, et al. <br><br> Defendants. | No. 13 CV 7845 <br><br> Judge Manish S. Shah |

## ORDER

The currency-exchange defendants' motion to dismiss [91] is granted.[1] Counts VII and VIII of the second amended complaint are dismissed as to these defendants, with prejudice.

## STATEMENT

A motion to dismiss should be granted if the complaint offers a formulaic recitation of the elements of a cause of action, without alleging facts suggesting the plausibility of the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & 570 (2007). The facts alleged must be accepted as true, but legal conclusions couched as factual allegations need not be. *Id.* at 555.

Plaintiff Trimaine Wilson owns the company Trimaine Snow Plowing, Inc. On September 7, 2012, one of his employees attempted to negotiate a $1,500 check at a currency exchange owned by defendant 159th & Halsted Currency Exchange, Inc. Because Wilson and his employee had cashed another $1,500 check earlier that day at another branch of the currency exchange, the cashier (defendant Dennise Campos) and her manager (defendant Todd Klein) refused to negotiate the check. [98] ¶ 12. Instead, they called the police and Wilson was arrested and prosecuted for the crime of deceptive practices.

Wilson alleges that Campos, Klein, and the currency exchange maliciously prosecuted him (Count VIII) and conspired with Harvey police officers to violate his constitutional rights (Count VII). The court previously dismissed these counts without prejudice. Wilson amended his complaint, adding some detail. As discussed

---

[1] The currency-exchange defendants are Todd Klein, Dennise Campos, and 159th & Halsted Currency Exchange, Inc.

below, however, his allegations remain insufficient to state a claim against any of the currency-exchange defendants.

In Count VII, Wilson alleges that he was deprived of his federal constitutional rights. Such a claim, under 42 U.S.C. § 1983, cannot ordinarily be brought against a private actor. A Section 1983 claim can be brought against a private actor, however, if he conspires with a state actor to violate the plaintiff's constitutional rights. *Burrell v. City of Mattoon*, 378 F.3d 642, 649–50 (7th Cir. 2004). "But private parties are not state actors when they merely call on the law for assistance, even though they may not have grounds to do so; there must be a conspiracy, an agreement on a joint course of action in which the private party and the state have a common goal." *Hughes v. Meyer*, 880 F.2d 967, 972 (7th Cir. 1989).

Wilson alleges that the currency-exchange defendants spoke to police officers before the officers arrested Wilson. [71] ¶¶ 16, 18, 25. He also alleges that he was told by a police officer that "the currency-exchange employees wanted to file a complaint against [him] and wanted him arrested and that is why he was being arrested." [71] ¶ 27.[2] Even assuming these allegations sufficiently plead an agreement, they do not sufficiently plead the type of agreement that subjects a private actor to Section 1983 liability—that is, one in which the participants share a common, unconstitutional purpose. *See Cunningham v. Southlake Ctr. for Mental Health, Inc.*, 924 F.2d 106, 107–08 (7th Cir. 1991) ("A requirement of the joint action charge therefore is that both public and private actors share a common, unconstitutional goal. . . . Where [the constitutional] injury can only result from a particular motive animating the defendant . . . the state actor . . . must himself possess the required motivation."). In this case, that requires a meeting of the minds to the effect that Wilson would be arrested despite the known absence of probable cause. Wilson has not plausibly alleged such an unconstitutional agreement between the currency-exchange defendants and the police-officer defendants. To the contrary, Wilson says in his brief that he was arrested on the "unfounded suspicions" of the defendants. [98] ¶ 17. But if the defendants suspected him of having committed a crime—even if they were wrong—then they did not agree to arrest him while knowing there was no probable cause to do so. Accordingly, Count VII is dismissed with prejudice.

In Count VIII, Wilson presents a claim for malicious prosecution under Illinois law. Such a claim requires: "(1) the commencement or continuance of an original

---

[2] He also alleges that there was an agreement between the currency-exchange defendants and the police ([71] ¶¶ 26, 63, 93), but those allegations are conclusory and thus not presumed true. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009); *Evers v. Reak*, 21 Fed.Appx. 447, 450 (7th Cir. 2001) ("Vague and conclusory allegations of the existence of a conspiracy are not enough to sustain a plaintiff's burden; a complaint must contain factual allegations suggesting that the defendants reached a meeting of the minds.") (internal citation omitted).

criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages." *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 921–22 (7th Cir. 2001) (citing *Swick v. Liautaud*, 169 Ill.2d 504, 512 (1996)). "[A] private citizen does not commence [or continue] a criminal action merely by reporting information to the police—even if the information later turns out to be incorrect." *Logan*, 246 F.3d at 922. But a private citizen *can* be held liable if he "knowingly made false statements to the police. . . ." *Id*.

Wilson concludes that the currency-exchange defendants "falsely report[ed] an incident." [71] ¶ 96. But no factual allegation underpins that conclusion. In his brief, Wilson states that Campos called the police because Wilson had cashed a check for the same amount earlier that day at another branch. [98] ¶ 12. Wilson does not deny that he did so, implicitly agreeing that the currency-exchange defendants based their complaint on truthful information. Wilson undermines any inference that the currency-exchange defendants communicated false information to the police by stating in his brief that the information provided to the police "did not amount to probable cause to arrest." [98] ¶ 21. Insufficient information is not the same as false information. Wilson also concludes that the currency-exchange defendants "misrepresent[ed] the facts to the State's Attorney" ([71] ¶ 96), but again provides no content for this otherwise empty conclusion. Despite having twice amended his complaint, Wilson does not say, even in general terms, what allegedly false information was communicated to either the police or the prosecutor. In particular, if Wilson had reason to believe that Campos or Klein told someone that the corporate bank account had insufficient funds, while knowing the opposite to be true, Wilson could have made that allegation by now.[3] Wilson's factual allegations, accepted as true, do not permit a reasonable inference that any currency-exchange defendant actively participated in the prosecution.

---

[3] Wilson does allege that the currency-exchange defendants "failed to tell" an Assistant State's Attorney that the company's bank account contained sufficient funds. [71] ¶ 38. But in this context, withholding exculpatory evidence does not constitute the commencement or continuance of a judicial proceeding for purposes of a malicious-prosecution claim. *Logan*, 246 F.3d at 922–23.

3

The currency-exchange defendants' motion to dismiss [91] is granted. Counts VII and VIII are dismissed as to defendants Campos, Klein, and 159th & Halsted Currency Exchange, Inc., with prejudice.

ENTER:

Date: 5/26/15

Manish S. Shah
U.S. District Judge