IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Trimaine Wilson | ) | |
|       Plaintiff, | ) | Case No. 13 C 7845 |
| vs. | ) | |
| City of Harvey, et al., | ) | |
|       Defendants. | ) | |

**TRIMAINE WILSON'S MOTION TO ENTER JUDGMENT ORDER
IN FORM STATE COURT WILL ACCEPT FOR FILING
AS TO PREVIOUS ORDER AWARDING ATTORNEY'S FEES AND
PREVIOUS ORDERS AWARDING SANCTIONS**

NOW COMES Trimaine Wilson, by his attorneys, Cindy M. Johnson and Johnson Legal Group, LLC, and asks this Honorable Court to enter a judgment order in a form that Illinois state courts will accept for filing for both the Court's prior award of attorney's fees and prior awards of sanctions. I support thereof, he states as follows.:

1. On July 13, 2017, this Court entered an award of Attorney Fees in the amount of $399,169.00 for Trimaine Wilson ("Wilson") and against the debtor, City of Harvey as an additional cost in the case as the methodology adopted by the Seventh Circuit for statutory attorney's fee awards under 42 U.S.C. §1988. (Doc. 286)

2. On January 11, 2018, this Court entered a minute order awarding fees and costs for Wilson as a sanction against the City of Harvey for its Comptroller's failure to appear at his citation examination in the amount of $625.70, which order was not reduced to a judgment. (Doc. 301)

3. On April 12, 2018, this court entered a minute order awarding sanctions against the City of Harvey in the amount of $3,720.00, granting in part Wilson's motion requesting said sanctions, compelling that amount to be paid by a date certain. (Doc. 329)

4. Wilson desires to enforce these orders for payment in the Circuit Court of Cook

1

County as that court has specialized courtrooms which solely handle post judgment enforcement.

5. Registering these orders as judgments for enforcement in the Illinois court, pursuant to 735 ILCS 5/12-501 states that

> Judgments of courts of the United State held, within this State […] may be registered […] in, the public offices of this State, so as to make them conform to the rules and requirements relating to judgments of courts of this State. A certified copy of a federal judgment order entered in this State may be filed in any circuit court and shall be afforded recognition as if it were a judgment t entered in any circuit court of this State.

6. Therefore, in order for the orders for payment (both the attorney's fee award and the monetary sanction order entered above) to be treated under said statute, they must be "judgment" orders.

7. The format of an enforceable Illinois judgment has specific wording required in order for an order of court to be treated as a judgment. The magic language of "Judgment is entered in favor of [name of party], the plaintiff, and against [name of party], the defendant, in the amount of $ [dollar amount], plus costs" is what is necessary for an order to be treated as a judgment.

8. Without that wording, an order to pay can only be enforced by way of a contempt order for failure to pay in Illinois state court. Likewise, in Illinois state court, without that wording, no citation to discover assets (either to create a citation lien, or to obtain documents and information) or any other post judgment enforcement mechanism can be employed either against the party who was directed to pay or against any third party that may have assets of/knowledge of assets of the party the order directs to make payment.

9. None of the three orders of this Court at dockets 286, 301 and 329 contain that "magic language." Therefore, as the orders stand, they are not considered "judgments" under Illinois law and cannot be filed for enforcement in Illinois courts under 735 ILCS

5/12-501.

10. Additionally, although one could argue that since Federal Law treats the attorney's fee award as a "cost" added to the underlying §1983 judgment order, and so that is the judgment that should be entered and the "plus costs" idea under Illinois law would cover these monies, that is not the case in Illinois state courts. Costs allowed to be added to the judgment in Illinois state courts are filing fees, service of process, bonds, certified orders necessary for enforcement and electronic filing charges only. See 735 ILCS 5/5-126.5 and 5/5-127.

11. Federal Rule of Civil Procedure 58(d) allows Wilson to request entry of a judgment for each of the orders.

12. Therefore, Plaintiff asks this Court to enter orders that will be worded in a way that will allow the attorneys' fee award and the sanctions order to be filed and enforced in the Illinois courts—and that they be entered *nunc pro tunc* to the date each order was entered. Specifically, Wilson request each of the two orders to be:

    a. Judgment is entered in favor of Trimaine Wilson and against the City of Harvey, Illinois in the amount of $399,169.00 plus costs as allowed by law, to be effective *nunc pro tunc* to July 13, 2017, the date upon which this Court awarded said amount for attorneys' fees in this case.

    b. Judgment is entered in favor of Trimaine Wilson and against the City of Harvey, Illinois in the amount of $625.70 plus costs as allowed by law, to be effective *nunc pro tunc* to January 11, 2018, the date upon which this Court sanctioned the City of Harvey, Illinois said amount

and

    c. Judgment is entered in favor of Trimaine Wilson and against the City of Harvey, Illinois in the amount of $3,720.00plus costs as allowed by law, to be

3

effective *nunc pro tunc* to April 12, 2018, the date upon which this Court sanctioned the City of Harvey, Illinois said amount.

13. Wilson also wishes to advise this Court that, pursuant to its suggestion, the parties continue to attempt to try to resolve a voluntary payment methodology for the City of Harvey to pay the amounts that remain due and owing on the orders. But, it does not appear that getting to any resolution, including approval by the City of Harvey's city council, is going to be a short process. Any settlement that is eventually reached and approved can be memorialized in the proceedings in state court cases once this court enters "judgments" and once they are filed for enforcement in the Illinois courts.

**WHEREFORE**, Trimaine Wilson asks this Court to enter three judgment orders for the attorney's fee award and order of sanctions it previously entered, with language that will allow them to be judgments enforceable in Illinois, and for such further relief this Court deems just and equitable.

                          Respectfully submitted,
                          Trimaine Wilson

        By:   /s/ Cindy M. Johnson

Cindy M. Johnson
Johnson Legal Group, LLC
140 S. Dearborn Street, Suite 1510
Chicago, IL 60603
(312) 345-1306 phone
CJohnson@JNLegal.net
Notices@JNLegal.net

4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Trimaine Wilson | ) | |
|         Plaintiff, | ) | Case No. 13 C 7845 |
|     vs. | ) | |
| City of Harvey, et al., | ) | |
|         Defendants. | ) | |

## CERTIFICATE OF SERVICE

      I, Cindy M. Johnson, an attorney, certify that I caused to be served true and correct copies of the foregoing motion to which it refers to the persons listed on the service list via electronic service on those registered in the CM/ECF system and, for those not listed in the CM/ECF system, at the email addresses listed by sending them by email
at or before 5:00 p.m. on February 1, 2022.

                                            /s/    Cindy M. Johnson

## Service List

Co-counsel for plaintiff
(both on CM/ECF for service)

Irene K. Dymkar
irene.dymkar@dymkarlaw.com

Shamoyita Munna DasGupta
shamoyita.dasgupta@dymkarlaw.com


Currently Participating Attorneys for City of Harvey

Robert P. Hoban , III  (on CM/ECF for service)
rhoban@ancelglink.com

ShawnTe Raines   (sent by direct email)
sraines@ancelglink.com

5